# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. DANIELS, II | ) 1:15-cv-00960-LJO-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER DISMISSING |
| vs. | ) COMPLAINT WITH LEAVE TO AMEND ) (ECF No. 1) |
| FRESNO COUNTY JAIL, et al., | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |

## I. Screening Requirement and Standard

Plaintiff L.M. Daniels, II ("Plaintiff") is a former Fresno County inmate proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on June 25, 2015, is currently before the Court for screening. Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 4)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

At the time of the events in the Complaint, plaintiff was incarcerated in the Fresno County Jail.  Plaintiff names the following defendants:  (1) Fresno County Jail; (2) Sherriff Margaret M. Mims; (3) Officer Guiterrez; and (4) The Classification Department.  Plaintiff alleges as follows:

Plaintiff alleges that on about June 15, 2015, he told classification officers that he has been a victim of sexual and physical assault because of his "drop out" status and as a registered sex offender. He asked for single cell status but due to racial discrimination coupled with malice and unconcern, they transferred Plaintiff to a four man cell with active Crip and Asian boy gangs. Plaintiff alleges he told a female floor officer that he was in danger, she saw the hostile attitudes, but closed the door and walked away.  Plaintiff alleges he was then hit, punched and thrown out of his wheel chair by gang members.  He alleges he has only one leg and one hand and never fought back.  Plaintiff requests as relief that Sheriff Mims be made aware of the

incident, for Officer Guiterrez to be removed from the facility, removal of the Rule Violation Report and reinstate his loss of food time credits.

### III. Deficiencies of Complaint

#### a. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint does not clearly set forth the factual allegations underlying his claims. Plaintiff fails to describe specific actions taken by the defendants named in his complaint that violated his constitutional rights. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim.

#### b. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to link Defendant Mims, Defendant Classification Department, or any of the members, to any constitutional violation. Plaintiff may not name as defendants the classification department as §1983 liability is premised upon individual conduct. Plaintiff must state, by name, what each person did or did not do which caused the alleged violation.  If Plaintiff elects to amend his complaint, Plaintiff must link the actions of the defendants to an alleged deprivation.

### c.  Supervisory Liability

To the extent Plaintiff seeks to hold Defendant Mimms (or any other defendant) liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir.2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has not alleged that Defendant Mims was personally involved in the alleged Constitutional deprivation or that she instituted a deficient policy. Plaintiff will be granted leave to amend.

### d.  Failure to Protect—Eighth Amendment Claim

As an initial matter, it is unclear whether Plaintiff was a convicted prisoner or a pretrial detainee at the time of the events in question. However, while pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims

brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Bell v. Wolfish, 441 U.S. 520, 535–36, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017–18 (9th Cir.2010).

Prison officials have a duty under the Eighth Amendment to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 832–33, 114 S.Ct. 1970 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.2005). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer at 834. The question under the Eighth "Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ....' " Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)).

Here, Plaintiff alleges that Defendant Mims, Officer Guiterrez, and the Fresno County Jail/Classification Department failed to properly and safely house him. While Plaintiff alleges he told a "female officer" of his concern for being placed in a cell with gang members, he does not allege specifically who the female officer was. It is unclear from the allegations whether the Defendant Guiterrez is the female officer (or even if Guiterrez is female) or whether Guiterrez was a member of the classification committee. Further, the conclusory allegations that the female officer was "aware" of "attitudes" fail to state sufficient facts to state a claim for failure to protect against the female officer. For the reasons discussed above, Plaintiff also fails to state a cognizable claim against Defendant Mims, Fresno County Jail and Classification Department. Plaintiff will be granted leave to amend.

  **e. Equal Protection**

Plaintiff alleges he was placed in the cell based on "race discrimination."

The Equal Protection Clause states that "no state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Constitution, amend. XIV § 1. In essence, this commands that all persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

A plaintiff can establish an equal protection claim in two ways. First, a plaintiff may allege "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. <u>Lee v. City of Los Angeles</u>, 205 F.3d 668, 686 (9th Cir.2000). Here, Plaintiff fails to allege that he is in a protected class.

Second, where the acts in question do not involve a protected class, a plaintiff can establish a "class of one" claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). The Ninth Circuit has indicated such actions are disfavored because "the class-of-one theory of equal protection claim could provide a federal cause of action for review of almost every executive or administrative government decision." <u>Engquist v. Oregon Dept. of Agric.</u>, 478 F.3d 985, 993 (9th cir 2007).

At best, Plaintiff is in a class of "one." To succeed on a class of one claim, Plaintiff must demonstrate Defendants (1) intentionally (2) treated Plaintiff differently than other similarly situated individuals, (3) without a rational basis for doing so. <u>Gerhart v. Lake County</u>, 637 F.3d at 1022. Plaintiff has failed to state sufficient facts to state a cognizable claim.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. <u>Iqbal</u>, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 25, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and
4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **June 27, 2016**        /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE