# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. DANIELS,<br><br>            Plaintiff,<br><br>    vs.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>            Defendants. | 1:15-cv-00960-BAM (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND FAILURE TO OBEY A COURT ORDER<br><br>(ECF Nos. 7, 8)<br><br>ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |

**I.      Background**

Plaintiff L.M. Daniels ("Plaintiff"), is a former Fresno County inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. He initiated this action on June 25, 2015. On July 7, 2015, Plaintiff consented to magistrate judge jurisdiction. (ECF No. 4.)

On June 27, 2016, the Court issued a screening order dismissing Plaintiff's complaint for failure to state a claim. (ECF No. 7.) The screening order set forth the multiple deficiencies with the complaint, including that it failed to comply with Federal Rule of Civil Procedure Rule 8, failed to link several named defendants to any alleged constitutional violation, and did not allege sufficient facts to state a cognizable claim for the failure to protect in violation of the Eighth Amendment, or for any violation of the Equal Protection Clause of the Fourteenth Amendment.

(Id. at pp. 3-6.) Plaintiff was granted leave to file an amended complaint within thirty (30) days of service of that order. (Id. at p. 7.) Thus, Plaintiff's amended complaint was due on or before August 1, 2016. Plaintiff was also expressly warned that failure to comply with that order would result in dismissal of this action, with prejudice, for failure to state a claim and failure to obey a court order.  (Id.).

As of August 1, 2016, Plaintiff did not file any amended complaint. Accordingly, on August 9, 2016, the Court issued an order to show cause why this action should not be dismissed, with prejudice. (ECF No. 8.) Plaintiff was again warned that the failure to show good cause would result in the case being dismissed with prejudice. (Id. at 8.)

Plaintiff's response to the order to show cause was due on or before September 1, 2016. However, as of the date of this order, Plaintiff has neither complied with the Court's previous orders, nor otherwise communicated with the Court. Plaintiff's amended complaint is now two months overdue.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for over a year, and Plaintiff's amended complaint is two months overdue. Despite multiple attempts to communicate with Plaintiff, he has been non-responsive to the Court's orders. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re PPA, 460 F.3d at 1228.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's June 27, 2016 order expressly warned Plaintiff that his failure to comply with that order would result in dismissal of this action, with prejudice, for failure to state a claim and to obey a court order. (ECF No. 7, p. 7.) The warning was reiterated in the Court's August 9, 2016 order to show cause. (ECF No. 8.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Also, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

In summary, Plaintiff filed this action but is no longer prosecuting it. The Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

### III. Conclusion and Recommendation

Accordingly, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim;

2. This action is also HEREBY DISMISSED for the failure to obey the court's June 27, 2016 order (ECF No. 7), and August 9, 2016 order (ECF No. 8);

3. This dismissal SHALL count as a strike against Plaintiff under 28 U.S.C. § 1915(g); and

4. The Clerk of the Court is directed to TERMINATE all pending motions and CLOSE this action.

IT IS SO ORDERED.

    Dated:   **September 30, 2016**        /s/ *Barbara A. McAuliffe*
                                                                     UNITED STATES MAGISTRATE JUDGE

### III. Conclusion and Recommendation

Accordingly, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim;

2. This action is also HEREBY DISMISSED for the failure to obey the court's June 27, 2016 order (ECF No. 7), and August 9, 2016 order (ECF No. 8);

3. This dismissal SHALL count as a strike against Plaintiff under 28 U.S.C. § 1915(g); and

4. The Clerk of the Court is directed to TERMINATE all pending motions and CLOSE this action.

IT IS SO ORDERED.

Dated:   **September 30, 2016**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE